IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-89

 No. 187PA20

 Filed 13 August 2021

 STATE OF NORTH CAROLINA

 v.
 SHANNA CHEYENNE SHULER

 On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision

 of the Court of Appeals, 270 N.C. App. 799 (2020), finding no error after appeal from

 a judgment entered on 31 October 2018 by Judge William H. Coward in Superior

 Court, Haywood County. Heard in the Supreme Court on 18 May 2021.

 Joshua Stein, Attorney General, by Brent D. Kiziah, Assistant Attorney General
 for the State-appellee.

 W. Michael Spivey for defendant-appellant.

 HUDSON, Justice.

¶1 Here we must decide whether a criminal defendant forfeits her Fifth

 Amendment right to silence when she gives pretrial notice of her intent to offer the

 affirmative defense of duress under N.C.G.S. § 15A-905(c)(1). We conclude that the

 defendant does not forfeit that right, and that regardless, the State may not

 preemptively impeach a defendant during its case-in-chief. Accordingly, we reverse

 and remand to the Court of Appeals.
 STATE V. SHULER

 2021-NCSC-89

 Opinion of the Court

 I. Factual and Procedural Background

¶2 On 2 March 2017, Chief of Police Russell Gilliland and Detective Brennan

 Regner of the Maggie Valley Police Department responded to a reported disturbance

 at a motel involving people in a Ford Fusion. The officers located the car, approached

 a man standing next to the car, and learned that the man was Joshua Warren. After

 determining that there was an outstanding warrant for his arrest, they arrested him

 and searched him and he was transferred to the detention facility by another officer.

¶3 Chief Gilliland and Detective Regner then approached defendant, Shanna

 Cheyenne Shuler, who was the driver of the car and asked her for identification. They

 determined that she also had an outstanding warrant for her arrest. The officers

 asked defendant if she had “anything on her.” She was hesitant, but upon being asked

 again, defendant pulled out a bag “containing a leafy substance.” The officers asked

 again if she had any other substances and warned her that if she arrived at the

 detention facility in possession of illegal substances she could be charged with

 additional crimes. She then pulled a “clear baggie of crystal-like substance out of her

 bra.”

¶4 Defendant was charged with felony trafficking in methamphetamine and with

 misdemeanor simple possession of marijuana. Prior to trial, defendant filed a notice

 of her intent to rely upon the affirmative defense of duress pursuant to N.C.G.S. §

 15A-905(c)(1). In its entirety, the notice stated the following:
 STATE V. SHULER

 2021-NCSC-89

 Opinion of the Court

 Now comes the Defendant, by and through her attorney,
 Joel Schechet and, in accordance with N.C.G.S. § 15A-
 905(c), gives notice of the following defense:

 1. Duress

¶5 At trial, Detective Regner testified for the State during its case-in-chief. The

 State asked Detective Regner if defendant made “any statements” about Joshua

 Warren when she handed over the substances in her possession. Defense counsel

 objected, and the trial court overruled the objection. Detective Regner then testified:

 “No, ma’am. She made no—no comment during that one time.”

¶6 Defense counsel asked for the trial court to excuse the jury and then moved for

 a mistrial arguing that the State’s question had “solicited an answer highlighting

 [defendant’s] silence at the scene.” The trial court conducted a voir dire to determine

 the admissibility of Detective Regner’s testimony. Ultimately, the trial court allowed

 the State to ask the question again when the jury returned.

¶7 After the State’s case-in chief, defense counsel gave its opening statement.

 Defendant then took the witness stand to testify in her own defense. At the close of

 all the evidence, the trial court instructed the jury on the defense of duress.

 Ultimately, the jury found defendant guilty of both charges. Defendant appealed to

 the Court of Appeals.

¶8 The Court of Appeals unanimously found no error in the jury’s verdicts or in

 the judgment concluding that because defendant gave notice of her intent to assert
 STATE V. SHULER

 2021-NCSC-89

 Opinion of the Court

 the affirmative defense of duress before she testified, the trial court did not err in

 admitting Detective Regner’s testimony of defendant’s silence during the State’s case-

 in-chief. State v. Shuler, 270 N.C. App. 799, 805 (2020). Defendant petitioned our

 Court for discretionary review. We allowed her petition on 15 December 2020 to

 review the single issue presented by defendant in her petition and stated here:

 Did the Court of Appeals err by holding that a defendant
 who exercises their Fifth Amendment right to silence
 forfeits that right if they comply with N.C.G.S. § 15A-
 905(c)(1) and give notice of intent to offer an affirmative
 defense?

 II. Standard of Review

¶9 “It is well settled that de novo review is ordinarily appropriate in cases where

 constitutional rights are implicated.” State v. Diaz, 372 N.C. 493, 498 (2019) (quoting

 Piedmont Triad Reg’l Water Auth. v. Sumner Hills Inc., 353 N.C. 343, 348 (2001)).

 Here, defendant’s Fifth Amendment right to silence is implicated. Accordingly, we

 review the decision of the Court of Appeals de novo.

 III. Analysis

¶ 10 Defendant argues that the Court of Appeals erred when it held that her

 compliance with N.C.G.S. § 15A-905(c)(1), which required her to give pre-trial notice

 of her intent to raise the affirmative defense of duress, resulted in her forfeiting her

 ability to assert her Fifth Amendment right to silence such that the State could offer

 evidence of her silence during its case-in-chief. The State argues that the testimony
 STATE V. SHULER

 2021-NCSC-89

 Opinion of the Court

 on defendant’s silence elicited during its case-in-chief was admissible for the purposes

 of impeaching defendant’s credibility as a witness.

¶ 11 This Court has said, “[t]he primary purpose of impeachment is to reduce or

 discount the credibility of a witness for the purpose of inducing the jury to give less

 weight to [her] testimony.” State v. Ward, 338 N.C. 64, 97 (1994) (quoting State v.

 Looney, 294 N.C. 1, 15 (1978)). At the time of Detective Regner’s testimony,

 defendant’s silence could not have achieved the purpose of impeaching defendant’s

 credibility as a witness since defendant had not yet testified. The State cannot

 preemptively impeach a criminal defendant by anticipating that the defendant will

 testify because of defendant’s constitutional right to decide not to be a witness.

¶ 12 During oral arguments before this Court, the State conceded that it found no

 authority for the proposition that a defendant may be impeached prior to testifying.

 Instead, the State argued that we should create an exception to the rule against

 preemptive impeachment. According to the State, because defendant here “clearly

 showed” that she intended to testify by giving pre-trial notice of a duress defense,

 Detective Regner’s testimony was admissible for impeachment purposes prior to

 defendant’s testimony. We disagree.

¶ 13 Giving pre-trial notice of a duress defense does not compel a defendant to

 testify on her own behalf, nor does it “clearly show[ ]” she intended to do so. A criminal

 defendant retains the right to choose whether or not to testify at all times up until
 STATE V. SHULER

 2021-NCSC-89

 Opinion of the Court

 she actually takes the stand. U.S. Const. amend. V (“No person . . . shall be compelled

 in any criminal case to be a witness against himself . . . .”); see also N.C. Const. art.

 I, § 23; N.C.G.S. § 8-54 (2019); State v. Kemmerlin, 356 N.C. 446, 481 (2002)

 (“A criminal defendant may not be compelled to testify . . . .” (quoting State v.

 Bayman, 336 N.C. 748, 758 (1994))). Permitting the State to introduce evidence to

 impeach defendant’s credibility before she takes the stand would invariably put

 before the jury evidence that is probably prejudicial to defendant. That prejudicial

 evidence would never become admissible if defendant ultimately decided to invoke

 her Fifth Amendment right not to testify. The safest means of preventing the

 eventuality that the jury would hear prejudicial, inadmissible evidence is for this

 Court to hold that evidence offered to impeach a criminal defendant’s credibility as a

 witness is not admissible until she actually testifies. The State’s argument that we

 can presume from defendant’s pretrial notice of her duress defense that defendant

 “clearly showed” an intent to testify such that impeachment evidence was admissible

 during the State’s case-in-chief does not appropriately recognize or protect the

 defendant’s Fifth Amendment right to choose whether or not to testify. Accordingly,

 we decline to adopt the State’s proposed approach.

¶ 14 The State also argues extensively in its brief that because defendant’s silence

 occurred before she was given the Miranda warning, evidence of her silence is

 admissible to impeach her credibility as a witness. However, of the cases cited by the
 STATE V. SHULER

 2021-NCSC-89

 Opinion of the Court

 State in which evidence of a defendant’s silence was admissible for impeachment

 purposes, the evidence was always used to impeach the credibility of a witness who

 had taken the stand to testify or to rebut testimony elicited by defense counsel on

 cross-examination. Because the evidence at issue here was offered to impeach a

 defendant who had not taken the stand and was not used for the purposes of rebuttal

 those cases do not apply.1

¶ 15 We hold that when defendant gave pre-trial notice of her intent to invoke an

 affirmative defense under statute, she does not give up her Fifth Amendment right

 to remain silent or her Fifth Amendment right to not testify, and the State was not

 permitted to offer evidence to impeach her credibility when she had not testified.

 Here, at the time the State elicited the impeachment testimony, defendant had not

 testified and retained her Fifth Amendment right not to do so. Thus, it was error to

 admit Detective Regner’s testimony into evidence.

¶ 16 Defendant properly preserved this error by objecting to it and receiving a

 ruling from the trial court thereon. Therefore, on appeal, the reviewing court must

 determine whether such error was harmless beyond a reasonable doubt. N.C.G.S. §

 1 In one case, State v. Booker, 262 N.C. App. 290, 300–03 (2018), defense counsel cross-

 examined the State’s witness about whether he was in contact with the defendant, which
 “opened the door” and allowed the State to ask the witness on redirect about the defendant’s
 silence and lack of contact with the witness. It is unclear whether the defendant testified in
 that case and if the State was using the defendant’s silence to impeach the witness or
 defendant herself.
 STATE V. SHULER

 2021-NCSC-89

 Opinion of the Court

 15A-1443(b) (2019); State v. Lawrence, 365 N.C. 506, 512–13 (2012). The Court of

 Appeals did not address whether the error was harmless, and the parties did not

 thoroughly brief this issue to our Court. Therefore, we remand to the Court of Appeals

 to determine whether the erroneously admitted testimony was harmless beyond a

 reasonable doubt.

 IV. Conclusion

¶ 17 In conclusion, we reverse the decision of the Court of Appeals and hold that a

 defendant does not forfeit their Fifth Amendment right to silence if they comply with

 N.C.G.S. § 15A-905(c)(1) and give notice of intent to offer an affirmative defense.

 Furthermore, the State may not preemptively impeach a defendant who has not

 testified.

 REVERSED AND REMANDED.